Daniel C. RICHMOND, Plaintiff,

v.

Vernon HOUSEWRIGHT, et al., Defendants.

No. CV-R-82-158-ECR.

United States District Court, D. Nevada.

May 18, 1984.

Daniel C. Richmond, in pro. per.

D. Brian McKay, Atty. Gen., by William A. Hehn, Carson City, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

On November 16, 1983, defendants filed a motion for summary judgment, seeking dismissal of Plaintiff's case under 28 U.S.C. § 1915(d), on the ground that plaintiff, an inmate at Nevada State Prison (NSP), had misstated his indigency to the Court in his affidavit dated October 25, 1983, filed in support of a motion for issuance of indigent subpoenas under 28 U.S.C. § 1915(a). (See Document # 46A filed November 7, 1983.)

Plaintiff has filed affidavits in opposition to the motion for summary judgment. Since these affidavits raised disputed factual issues which rendered summary judgment inappropriate, hearings were held before the Court on February 3 and February 9, 1984, at which testimony and evidence were received supporting and opposing the dismissal of this action under § 1915(d).

In his affidavit of October 25, 1983, (Document # 46A) Plaintiff stated that in the prior twelve months he had "received no money from any business, profession, self employment, rent payments, interest, pentions (sic), annuities, life insurance payments, or inheritances; and that during the past twelve months he [had] received approximately three hundred dollars in the form of gifts, which [had] been sent to him by friends and family ...." Plaintiff further stated in his affidavit that he was therefore unable to pay for witness fees and expenses or for service of subpoenas to compel attendance of witnesses at the trial of this action.

In fact, however, plaintiff did receive the sum of $2,100 in various installment payments made during said period of time by Eileen Aswegan for "legal" services rendered by plaintiff (as an inmate law clerk) to Mrs. Aswegan's husband Earl Aswegan, also an NSP inmate. This money was paid by Mrs. Aswegan to Anna Falon, who received it in behalf of plaintiff. Mrs. Falon was apparently the fiance of plaintiff at the time. She was later married to him.

28 U.S.C. § 1915(a) provides:

Any Court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and

costs or security therefore, by a person who makes affidavit that he is unable to pay such costs or give security therefor.[1]

Under § 1915(d), the court "may dismiss the case if the allegation of poverty is untrue ...."

The allegation of poverty contained in plaintiff's affidavit of October 25, 1983, was untrue in that it falsely stated Plaintiff's income during the preceding twelve months period. The testimony and evidence to the contrary that were presented on behalf of the plaintiff was unworthy of belief. Thus, after giving plaintiff an opportunity to be heard, and after considering all of the relevant and competent testimony and evidence, we have concluded that plaintiff has deliberately lied to this Court. In *Harris v. Cuyler*, 664 F.2d 388, 391 (3d Cir.1981), the court held that "the district court must find that plaintiff has engaged in conscious or intentional acts or omissions before it can order plaintiff's action dismissed" under § 1915(d). We find that plaintiff's conduct falls within the *Harris* test,[2] and that dismissal is an appropriate sanction to impose under the circumstances.

NOW, THEREFORE, IT IS ORDERED that the Clerk of the Court shall enter judgment whereby the action shall be dismissed.

---

1. The possibility that plaintiff "may have filed the proper affidavit in regard to his financial status at the time he requested leave to proceed in forma pauperis" is irrelevant. Plaintiff's affidavit in support of his motion for indigent subpoenas relates to the "prosecution" of this action under 28 U.S.C. § 1915(a), and its falsity may justify dismissal under § 1915(d).

2. We have not considered the testimony of Mr. David Mireles in reaching this conclusion.