**Earl ROMESBURG, Appellant,**

v.

**Myrna TRICKEY; Dr. Aturo Taca; and Judy Fanning, Appellees.**

**No. 90–1284EM.**

United States Court of Appeals, Eighth Circuit.

Submitted May 23, 1990.

Decided July 3, 1990.

---

Romesburg, pro se.

Joseph M. Hepworth, St. Louis, Mo., for appellees.

Before ARNOLD, JOHN R. GIBSON, and WOLLMAN, Circuit Judges.

ARNOLD, Circuit Judge.

Earl Romesburg, a Missouri inmate, appeals the District Court's [1] order dismissing his 42 U.S.C. § 1983 action with prejudice as a sanction for his intentional misrepresentation of his financial status on his affidavit of poverty, filed in order to proceed in forma pauperis. We affirm.

Romesburg's motion to proceed in forma pauperis was granted by a magistrate, and his complaint was filed in the District Court. Romesburg requested appointment of counsel, which the District Court granted. An amended complaint was filed by counsel alleging that defendant prison officials displayed deliberate indifference to Romesburg's serious medical needs (injuries from a fall and constipation).

The parties engaged in a significant amount of discovery. A week prior to trial defendants filed a motion to dismiss the complaint and to revoke Romesburg's in forma pauperis status. Defendants alleged that Romesburg had misrepresented his assets in his affidavit seeking in forma pauperis status by stating that he owned no real estate. Attached to defendants' motion were copies of a warranty deed and title search indicating that Romesburg owned (with his wife) at least four apparently unencumbered lots in Hickory County, Missouri. Romesburg responded by stating that his ownership of the property did not alter his ability to pay an attorney to prosecute his action, because his elderly wife lived in the house on the property, and the property was worth only $5,000. He also argued that he completed the affidavit with the advice of a "jailhouse lawyer" who told him that real estate ownership was not relevant to in forma pauperis status.

The District Court found Romesburg's omission of his real estate holdings to have been a conscious, deliberate, and intentional act. The Court rejected Romesburg's reasons for the inaccurate affidavit, stating that Romesburg was not entitled to substitute his judgment for that of the

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri.

Court regarding in forma pauperis eligibility, and that he was not excused by his receipt of poor advice, inconsistent on its face with the Court's form of affidavit. The District Court recognized that dismissal with prejudice was a severe sanction, but stated that the alternative of allowing Romesburg to proceed without a court-appointed attorney would not be an adequate deterrent.

■ As the District Court recognized, this is apparently a case of first impression for this Circuit. 28 U.S.C. § 1915(d) authorizes a court to "dismiss [a] case if the allegation of poverty is untrue," but it does not specify whether the dismissal is to be with or without prejudice. Although dismissal with prejudice is a drastic sanction which should be exercised sparingly, *Brown v. Frey,* 806 F.2d 801, 803 (8th Cir.1986), we agree with the Third, Sixth, and Eleventh Circuits that a district court has the discretion to dismiss a case with prejudice where a plaintiff has in bad faith filed a false affidavit of poverty. *Harris v. Cuyler,* 664 F.2d 388, 389–91 (3d Cir.1981); *Thompson v. Carlson,* 705 F.2d 868, 869 (6th Cir.1983) (per curiam); *Dawson v. Lennon,* 797 F.2d 934, 935 (11th Cir.1986) (per curiam).[2] Here, there is sufficient evidence of bad faith to support the District Court's decision. Romesburg's motion for appointment of counsel on appeal is denied.

Accordingly, the judgment of the District Court is affirmed.

---

**2.** Two district courts in other circuits have chosen to follow *Harris.* See *Richmond v. Housewright,* 101 F.R.D. 758, 759 (D.Nev.1984); *Ferguson–Bey v. Lever Bros. Co.,* 586 F.Supp. 1435, 1441–42 (D.Md.1984).