6 F.Supp.2d 863 (1998)
Betty BELL, Plaintiff,
v.
DOBBS INTERNATIONAL SERVICE, Defendant.
No. 4:96CV1833-DJS.
United States District Court, E.D. Missouri, Eastern Division.
May 20, 1998.
Janet F. Catalona, Thea A. Sherry, Madeline Long-Bennington, St. Louis, MO, for Plaintiff.
Betty Bell, Florissant, MO, Pro se.
Ellen C. Wilcoxen, Denise H. Bloch, Thompson Coburn, St. Louis, MO, Robert M. Williams, Jr., McKnight and Hudson, Memphis, TN, for Defendant.

ORDER
STOHR, District Judge.
Plaintiff Betty Bell, an African-American female, brings the instant action against her employer, Dobbs International Service, alleging discrimination on the basis of her race and sex. Plaintiff's allegations include denial of a position as a driver in April or May 1994, disparate treatment in connection with her training to obtain her commercial driver's license, disparate treatment as to work assignments and wages, discriminatory disciplinary action, a racially hostile work environment, and retaliation against plaintiff for her filing of a charge of discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission. Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. and the Missouri Human Rights Act ("MHRA"), § 213.010 R.S.Mo. et seq.[1] The matter is now before the Court on defendant's motion to dismiss, motion for summary judgment, and motion to strike affidavits and unsworn psychiatric evaluation.

Motion to Dismiss
Defendant first moves to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(A), asserting that plaintiff filed a false affidavit of indigency. On September 10, 1996, plaintiff, acting pro se, filed a motion to proceed without prepayment of costs, in which she attested under penalty of perjury that she was unable to pay the costs of filing because of her poverty. Plaintiff also filed a CJA 23 form Financial Affidavit, stating her certification of its correctness and containing a warning that a false or dishonest answer to a *864 question thereon may be punishable by a fine or imprisonment. By order dated February 7, 1997, the Court denied plaintiff's motion to proceed in forma paureris ("IFP") and granted plaintiff thirty days in which to pay the filing fee. The February 7 order cites plaintiff's failure to provide information concerning her husband's monthly income and the failure to list ownership of any real estate despite the indication of monthly rental income and the probability of plaintiff having a permanent residence. Plaintiff paid the filing fee on March 7, 1997, and at the same time submitted a first amended complaint which constituted the entry of appearance of retained counsel on her behalf. On March 28, 1997, the Court denied as moot plaintiff's previously submitted motion for appointment of counsel, which also contained a declaration under penalty of perjury that due to her poverty she was unable to pay attorney fees.
The following facts are undisputed. The financial affidavit contains the question, "Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property?" Plaintiff checked "Yes" and provided information concerning two automobiles. Plaintiff omitted mention of four parcels of real estate in which she had an ownership interest. One is the home at 11369 Prentice in Florissant, Missouri, in which plaintiff lives with her husband. In a loan application dated approximately one month prior to the financial affidavit, plaintiff valued this property at $80,000. Another is a commercial parcel of four lots and a building located at 6985 Olive in St. Louis, Missouri. The third is a house and lot at 7529 Wayne in St. Louis, Missouri, which plaintiff rents at $500 per month. In the loan application referred to above plaintiff estimated the value of this property at $60,000. The fourth parcel of real property not disclosed is located at 8115 Stanza in St. Louis County, Missouri. In a June 6, 1995 loan application, plaintiff valued this property at $23,000.
A business known as A & B Payday Loan is owned by plaintiff and operated by her husband out of the commercial property on Olive Street. Plaintiff's financial affidavit does not disclose any income received from that business. In the affidavit, plaintiff understates her income from her employment with defendant by approximately $800 per month. Plaintiff indicates that her husband is employed, but fails to include requested information concerning his income. In the loan application dated approximately one month earlier, plaintiff stated her husband's monthly income as a teacher at $2,694.00. Finally, in the affidavit plaintiff disclaims any "cash on hand or money in savings or checking account[s]," although the August 2, 1996 loan application indicates $1,000.00 in such accounts.
The statutory provision invoked by defendant reads as follows:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that 
(A) the allegation of poverty is untrue[.]
§ 1915(e)(2)(A). As is explicitly addressed in the statutory language, the fact that plaintiff paid the filing fee after her IFP application was denied does not preclude application of the provision to dismiss her case based on a false allegation of poverty. The Court also notes that the 1996 amendment strengthened the language of this dismissal provision, previously codified at § 1915(d), by substituting the mandatory "shall" for the permissive "may" as to the Court's authority to dismiss a case to which the provision applies.
The Court readily rejects plaintiff's initial argument that, because amended by the Prison Litigation Reform Act of 1996, the statute does not apply to non-prisoner litigants such as plaintiff. Although the Act added numerous provisions applicable only to prisoner litigants, the language of the amended § 1915 explicitly and intentionally distinguishes between requirements imposed only upon prisoners and those applicable to all in forma pauperis litigants. Haynes v. Scott, 116 F.3d 137, 140 (5th Cir.1997); Floyd v. U.S. Postal Service, 105 F.3d 274, 276 (6th Cir.1997). The general language of subsection 1915(e), by its plain meaning, encompasses all IFP litigants. See, e.g., Daugherty v. Associated Equipment Corporation, 121 F.3d 712 (Table), 1997 WL 453712 (8th Cir. 1997) (per curiam). If it did not, as plaintiff urges, the authority for appointment of counsel *865 for indigent persons would be limited to prisoners.
Rather than dispute the facts relating to the omitted financial information, plaintiff argues that the omissions were not intentional or in bad faith, but resulted from her ignorance of the requested information and her misunderstanding of the form's requirements. As to the former, inaccuracy based on ignorance or unnecessary haste is not excusable in formal, sworn Court filings which explicitly warn of the potentially serious consequences of false statement. This is particularly so where the omitted information is of such significant magnitude. As to the latter, the Court finds plaintiff's contentions belied by the explicit language of the form affidavit, the most important example being the affidavit's express inquiry concerning ownership of real estate. Romesburg v. Trickey, 908 F.2d 258, 260 (8th Cir.1990) [affirming decision of district court which had found plaintiff "not excused by his receipt of poor advice, inconsistent on its face with the Court's form of affidavit."]
The Court finds that plaintiff acted in bad faith in submitting her IFP motion and supporting financial affidavit. This finding is supported by the materiality of the omissions and misrepresentations, the lack of a credible "innocent" explanation therefor, and plaintiff's apparent total disregard for the truth, completeness and accuracy of the affidavit. For all the foregoing reasons, the Court concludes that plaintiff knowingly filed a false and inaccurate financial affidavit, and so made a false allegation of poverty to the Court, for which a dismissal with prejudice is appropriate under the authority of § 1915(e)(2)(A). Romesburg, 908 F.2d at 260; Mathis v. New York Life Ins. Co., 133 F.3d 546, 547-48 (7th Cir.1998). The Court's determination to dismiss the action with prejudice is made as an exercise of the Court's discretion, after due consideration of the severity of such a sanction, but in view of the seriousness and scope of the information omitted from and understated in plaintiff's financial affidavit.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion to dismiss [Doc. # 57] is granted in part as to plaintiff's filing a false allegation of poverty, and is otherwise denied as moot.
IT IS FURTHER ORDERED that defendant's motion for summary judgment [Doc. # 59] and motion to strike affidavits and unsworn psychiatric evaluation [Doc. # 67] are denied as moot.
NOTES
[1] Claims of intentional and negligent infliction of emotional distress were voluntarily dismissed on December 2, 1997.