[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1802

 KEVIN R. RONDEAU,
 Individually and as Father and Next Friend
 o/b/o Sarah Ann Rondeau,

 Plaintiff, Appellant,

 v.

 STATE OF NEW HAMPSHIRE, ET AL.,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Steven J. McAuliffe, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Campbell, Senior Circuit Judge,
 and Lipez, Circuit Judge.

 Kevin R. Rondeau on brief pro se.

FEBRUARY 26, 1999

 Per Curiam. We have carefully reviewed the brief
filed by appellant, Kevin Rondeau, and the record on appeal. 
We reject, as insubstantial, Rondeau's complaints about the
accuracy of the factual background of the underlying matter, as
recited by the magistrate-judge in his report and
recommendation. We affirm essentially for the reasons stated
in that report and recommendation, dated June 11, 1998, that
was approved by the district court in a judgment, entered on
June 25, 1998. We have considered all of Rondeau's arguments
on appeal and find no need to address them in detail. We add
only the following comment.
 Rondeau complains that the magistrate-judge and the
district court wrongfully treated his complaint as a prisoner
filing, pursuant to 28 U.S.C. 1915A. Although Rondeau
concedes that he is incarcerated at the New Hampshire State
Hospital, he argues that he is not a "prisoner" within the
meaning of 1915A because, he says, contrary to the
magistrate-judge's contention, the criminal charges are not
pending, but rather the charges have been dismissed. We note
that Rondeau has been unclear and inconsistent in his own
description of the status of the criminal charges. In a
previous habeas action, Rondeau initially claimed that he had
been convicted of the charges and then claimed that, rather
than his having been convicted of the charges, the charges had
been dismissed. In the instant civil rights action, Rondeau
variously claimed that (i) the charges were dismissed or (ii)
the charges were dismissed, reinstated, and then "never
adjudicated in court." Whether "never adjudicated in court"
means that the charges were dismissed again or simply deferred
because of Rondeau's civil commitment to the State Hospital is
not clear.
 However, regardless whether Rondeau is a prisoner for
purposes of 1915A, a complaint filed by a non-prisoner may be
dismissed pursuant to 1915(e)(2)(B)(ii) if it fails to state
a claim on which relief may be granted. See, e.g., McGore v.
Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Bell v.
Dobbs Int'l Serv., 6 F. Supp. 2d 863, 864 (E.D. Mo. 1998);
Powell v. Hoover, 956 F. Supp. 564, 566 (M.D. Pa. 1997). A
dismissal under 1915(e)(2)(B)(ii) for failure to state a
claim on which relief may be granted entails the same analysis
as a dismissal under 1915(A) for failure to state a claim on
which relief may be granted. See McGore v. Wrigglesworth, 114
F.3d at 604. Although the magistrate-judge cited 1915A, we
can affirm on any basis supported by the record. See Helveringv. Gowran, 302 U.S. 238, 245 (1937); Willhauck v. Halpin, 953
F.2d 689, 704 (1st Cir. 1991). The court's conclusion that
certain of Rondeau's claims stated no claim upon which relief
may be granted is correct, even if the recited basis, i.e., 
1915(A), is inaccurate. The court's conclusion that the
remaining claims were subject to dismissal for lack of subject
matter jurisdiction or because they were not properly brought
as claims under 42 U.S.C. 1983 is likewise correct.
 The motion for an evidentiary hearing is denied.
 The judgment of the district court is affirmed.