USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1802

 KEVIN R. RONDEAU,
 Individually and as Father and Next Friend
 o/b/o Sarah Ann Rondeau,
 
 Plaintiff, Appellant,
 
 v.
 
 STATE OF NEW HAMPSHIRE, ET AL.,
 
 Defendants, Appellees.
 

 APPEAL FROM THE UNITED STATES DISTRICT COURT
 
 FOR THE DISTRICT OF NEW HAMPSHIRE
 
 [Hon. Steven J. McAuliffe, U.S. District Judge]
 

 Before
 
 Torruella, Chief Judge,
 Campbell, Senior Circuit Judge,
 and Lipez, Circuit Judge.
 
 

 Kevin R. Rondeau on brief pro se.

FEBRUARY 26, 1999

 
 

 Per Curiam. We have carefully reviewed the brief
 filed by appellant, Kevin Rondeau, and the record on appeal. 
 We reject, as insubstantial, Rondeau's complaints about the
 accuracy of the factual background of the underlying matter, as
 recited by the magistrate-judge in his report and
 recommendation. We affirm essentially for the reasons stated
 in that report and recommendation, dated June 11, 1998, that
 was approved by the district court in a judgment, entered on
 June 25, 1998. We have considered all of Rondeau's arguments
 on appeal and find no need to address them in detail. We add
 only the following comment.
 Rondeau complains that the magistrate-judge and the
 district court wrongfully treated his complaint as a prisoner
 filing, pursuant to 28 U.S.C. 1915A. Although Rondeau
 concedes that he is incarcerated at the New Hampshire State
 Hospital, he argues that he is not a "prisoner" within the
 meaning of 1915A because, he says, contrary to the
 magistrate-judge's contention, the criminal charges are not
 pending, but rather the charges have been dismissed. We note
 that Rondeau has been unclear and inconsistent in his own
 description of the status of the criminal charges. In a
 previous habeas action, Rondeau initially claimed that he had
 been convicted of the charges and then claimed that, rather
 than his having been convicted of the charges, the charges had
 been dismissed. In the instant civil rights action, Rondeau
 variously claimed that (i) the charges were dismissed or (ii)
 the charges were dismissed, reinstated, and then "never
 adjudicated in court." Whether "never adjudicated in court"
 means that the charges were dismissed again or simply deferred
 because of Rondeau's civil commitment to the State Hospital is
 not clear.
 However, regardless whether Rondeau is a prisoner for
 purposes of 1915A, a complaint filed by a non-prisoner may be
 dismissed pursuant to 1915(e)(2)(B)(ii) if it fails to state
 a claim on which relief may be granted. See, e.g., McGore v.
 Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Bell v.
 Dobbs Int'l Serv., 6 F. Supp. 2d 863, 864 (E.D. Mo. 1998);
 Powell v. Hoover, 956 F. Supp. 564, 566 (M.D. Pa. 1997). A
 dismissal under 1915(e)(2)(B)(ii) for failure to state a
 claim on which relief may be granted entails the same analysis
 as a dismissal under 1915(A) for failure to state a claim on
 which relief may be granted. See McGore v. Wrigglesworth, 114
 F.3d at 604. Although the magistrate-judge cited 1915A, we
 can affirm on any basis supported by the record. See Helveringv. Gowran, 302 U.S. 238, 245 (1937); Willhauck v. Halpin, 953
 F.2d 689, 704 (1st Cir. 1991). The court's conclusion that
 certain of Rondeau's claims stated no claim upon which relief
 may be granted is correct, even if the recited basis, i.e., 
 1915(A), is inaccurate. The court's conclusion that the
 remaining claims were subject to dismissal for lack of subject
 matter jurisdiction or because they were not properly brought
 as claims under 42 U.S.C. 1983 is likewise correct.
 The motion for an evidentiary hearing is denied.
 The judgment of the district court is affirmed.