# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2102

_____

| | |
|---|---|
| Kevin R. Lee, | * |
| | * |
| Plaintiff/Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Missouri. |
| McDonald's Corporation, | * |
| | * |
| Defendant/Appellee. | * |

_____

Submitted: September 20, 2000
Filed: November 15, 2000

_____

Before McMILLIAN, BRIGHT, and HEANEY, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Kevin R. Lee appeals from the district court's dismissal without prejudice of his action.

On June 16, 1997, Lee, acting pro se, filed suit against McDonald's Corporation alleging wrongful termination based upon race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, as well as violations of the Family and Medical Leave Act and harassment in violation of 42 U.S.C. § 1981. Lee's motion to proceed in forma pauperis was granted by a magistrate judge, and his complaint was filed in the district court. Lee requested appointment of counsel, which

the district court granted. The court subsequently discovered that Lee misstated his wife's income and the value of some of her assets on his affidavit. Further, he misrepresented the amount of equity in his home. On this basis, the district court determined that it was required by statute to dismiss Lee's claim. The court did not find that the misstatements were a result of any bad faith on the part of Lee and, therefore, dismissed his claim without prejudice.

Lee timely appealed the district court's denial of his motion to proceed in forma pauperis and dismissal of his case pursuant to 28 U.S.C. § 1915(e)(2)(A). This court affirmed the dismissal without prejudice as entered by the district court. Lee then timely petitioned this court for rehearing and his petition was granted.

Our review of the record leads us to conclude that it was an abuse of discretion to deny appellant the relief sought. We therefore reverse and remand for further proceedings not inconsistent with this opinion.

I.    BACKGROUND

Lee's initial application for leave to proceed in forma pauperis states that he has no monthly income, a checking account balance of $0, no property, debts involving a $60,000 house on which he owed $800 per month and a $5500 student loan on which he owed $200 per month, and his spouse has a monthly income of $1200.

After Lee gained in forma pauperis status and the assistance of appointed counsel, a jury trial was set for February 14, 2000. The parties engaged in a significant amount of discovery. On June 10, 1999, the defendant filed a motion opposing Lee's motion for a new attorney and expressing serious concerns regarding the accuracy of the information provided in Lee's original financial affidavit. Defendant alleged that Lee had misrepresented his assets in his affidavit by stating that he owned no property, understating his wife's monthly income, and failing to report his earnings from his

McDonald's job and his subsequent unemployment benefits. Attached to defendant's motion were references to Lee's deposition testimony and deposition exhibits. Lee responded by admitting that he did not list his 1988 GMC truck in his original financial affidavit and he estimated its value at $800. He stated that he regrets the omission and did not intend to misrepresent his financial condition. He also argued that he did list property he owned by including his home in the original affidavit under the debts-and-monthly-payments category.

On June 30, 1999, the district court held a hearing on the matter and ordered Lee to provide the court with financial affidavits for 1996, 1997, and 1998. In its order, the district court acknowledged Lee's statement that he and his wife do not split their income, even though they live together, but reminded Lee that the financial affidavit takes into account both incomes without regard to how the funds are divided. On July 12, 1999, Lee provided lengthy financial affidavits listing his wife's monthly income in the requested years at $2,209.60, property including his wife's 1995 Honda valued at $4000, his GMC truck valued at $600-$800, and his residence valued at $76,000, as well as debts on the residence, on windows installed on the home, and on a student loan. Lee stated that, following his termination from his real estate representative position at McDonald's Corporation in May 1996, he was unemployed until the fall of 1997, receiving approximately $4000 in unemployment compensation benefits. He stated that he was employed as a substitute teacher in 1997 and earned $1200 per month. He reported that he was unemployed in 1998 but earned $600 in May 1999. He provided lists of his household's monthly expenses in 1996-1998, prepared by his wife, as well as their annual tax returns for the requested years. He reiterated that he lacked knowledge of his wife's finances at the time of filing the initial financial affidavit in 1997. He previously stated in his deposition testimony that his wife takes responsibility for preparing their income tax returns.

On July 13, 1999, defendant filed a motion to dismiss Lee's complaint. On December 10, 1999, the district court denied the motion to dismiss. Upon further

consideration after a motion to reconsider and oral argument, the court, on March 22, 2000, determined that Lee was untruthful in his financial affidavit, vacated its previous order, and ruled that Lee's case should be dismissed without prejudice.

## II. DISCUSSION

The in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure "that indigent persons will have equal access to the judicial system." Greaser v. State of Mo., Dep't of Corrections, 145 F.3d 979, 985 (8th Cir. 1998) (citing Attwood v. Singletary, 105 F.3d 610, 612 (11th Cir. 1997)). The decision of whether to grant or deny in forma pauperis status under section 1915 "is within the sound discretion of the trial court" and is reviewed for abuse of discretion. Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983).

Lee submitted to the court an affidavit from his wife, dated January 28, 2000, explaining that she maintains her income and property in her own name, separate from Lee's income and assets. She allegedly does not discuss her current income with Lee, nor are they communicating at all as a result of this lawsuit. Although Lee's equity in his home is $28,000, she stated in her affidavit that she will not agree to a home-equity loan on the house which they own jointly, nor will she assist him in taking out a loan to enable him to proceed in this lawsuit. She stated that she will not allow access to her retirement fund, nor will she allow access to the automobile to which she holds title in her own name. Lee, in contrast, is unemployed and has no form of income from savings.

28 U.S.C. § 1915(e)(2)(A) requires the district court to dismiss the case if it determines that "[Lee's] allegation of poverty is untrue . . . ." This requirement does not mandate that the district court dismiss Lee's claim if it finds that certain assertions in his affidavit are untrue; instead, it requires the district court to dismiss the claim if it finds that Lee is not sufficiently poor to qualify for in forma pauperis status given the

-4-

facts that are true. Indeed, "[t]he purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth.'" <u>Attwood</u>, 105 F.3d at 613 (<u>citing</u> <u>Matthews v. Gaither</u>, 902 F.2d 877, 881 (11th Cir. 1990)).

The determination, under 28 U.S.C. § 1915(a), of whether or not Lee qualifies for in forma pauperis status must be made based upon Lee's financial status, independent of his wife's assets to which she has denied him access. The only property owned by the Lees is community assets. There is no legal obligation under which Lee, under Missouri law, can secure community funds to prosecute a claim for damages, his separate property, nor to compel his wife to furnish funds for costs for the prosecution of his claim. <u>See, e.g.</u>, <u>Crump v. Walkup</u>, 151 S.W. 709 (Mo. 1912) (holding that real and personal property acquired by a wife by means of her separate estate and labor constitute her separate property, and cannot be taken to satisfy her husband's debts); <u>Ingals v. Alexander</u>, 39 S.W. 801 (Mo. 1897) (maintaining that the wages of a married woman become her separate property, and property purchased therewith retains the same character).

Mo. Rev. Stat. § 451.250(1) (West 2000) provides:

> All real estate and any personal property, including rights in action, belonging to any woman at her marriage, or which may have come to her during coverture, by gift, bequest or inheritance, or by purchase with her separate money or means, or be due as the wages of her separate labor, or has grown out of any violation of her personal rights, shall, together with all income, increase and profits thereof, be and remain her separate property and under her sole control, and shall not be liable to be taken by any process of law for the debts of her husband.

There is no indication in the record that the trial court examined whether Lee's separate assets and the marital community assets–given the restrictions placed on them

by Lee's wife–were sufficient. There is indication in the record that Lee's spouse was unwilling to finance an appeal but the trial court made no finding in that regard. The trial court did not conclude whether or not Lee was an <u>indigent</u> person entitled to proceed with his claim at public expense. Instead, the district court, alluding to <u>Bell v. Dobbs Int'l Serv.</u>, 6 F. Supp.2d 863, 865 (E.D. Mo. 1998), found that Lee exhibited a "total disregard for the truth, completeness, and accuracy of the affidavit," a finding that is questionable upon this panel's review of the record. Add. at 3. At the same time, however, the court found that Lee did not intentionally mislead the court or act in bad faith.

Furthermore, in forma pauperis status does not require a litigant to demonstrate absolute destitution. <u>See</u> <u>Potnick v. Eastern State Hosp., et al.</u>, 701 F.2d 243, 244 (2d Cir. 1983). The dismissal of Lee's claim, then, must be based on whether his <u>allegation of poverty</u> is true, and not on whether he misstated his assets in his affidavit, so long as his misstatements were made in good faith.

The district court on remand should reassess Lee's ability to pay court and attorney fees based on the facts now known to be true and excluding those assets to which Lee has no legal entitlement. If he demonstrates poverty, he should be permitted to file his complaint in forma pauperis.

III.   CONCLUSION

We reverse and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-