11-2200-pr
*Vann v. Comm'r of the New York City Dep't of Corr.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 13ᵗʰ day of September, two thousand twelve.

Present:
        ROBERT A. KATZMANN,
        SUSAN L. CARNEY,
                *Circuit Judges*.[*]

_____

KOURIOCKEIN VANN,

        *Plaintiff-Appellant*,

                v.                                  No. 11-2200-pr

COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF CORRECTION, et al.,

        *Defendants-Appellees*.[**]

---

[*] The Honorable Roger J. Miner, who was originally assigned to the panel, passed away prior to the resolution of this case. The remaining two members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458–59 (2d Cir. 1998).

[**] The Clerk of Court is directed to amend the official caption in accordance with the foregoing.

For Plaintiff-Appellant:                    Kouriockein Vann, *pro se*, Attica Correctional
                                            Facility, Attica, NY.

For Defendants-Appellees:                   Janet L. Zaleon, Leonard Koerner, Assistant
                                            Corporation Counsel, *for* Michael A. Cardozo,
                                            Corporation Counsel of the City of New York, New
                                            York, NY.

Appeal from the United States District Court for the Southern District of New York (William H. Pauley III, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that Appellant's motion to proceed *in forma pauperis* is **DENIED** and the appeal is **DISMISSED**.

Plaintiff-appellant Kouriockein Vann, pro se and incarcerated, appeals from an April 6, 2011 judgment entered in the United States District Court for the Southern District of New York dismissing with prejudice Vann's complaint alleging civil rights violations arising from correctional officers' refusal to allow Vann to wear Santeria Beads in the correctional facility's visiting room area. The District Court found that Vann had made false statements and had intentionally concealed income on his application to proceed *in forma pauperis* and dismissed the action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A). Vann now moves this Court for leave to proceed on appeal *in forma pauperis*. We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision.

Under the Prison Litigation Reform Act of 1995 (Act), Pub. L. No. 104-134, tit. VIII, 110 Stat. 1321 (1996) (codified as amended at 11 U.S.C. § 523(a) and 18 U.S.C. §§ 3624(b), 3626, and in scattered sections of Titles 28 and 42 of the United States Code) (the "PLRA"), all prisoners must pay the required filing fees and costs associated with commencing an action in the district court. 28 U.S.C. §§ 1915(b)(1)–(b)(2), 1915(f)(2). Notwithstanding this general rule, the PLRA provides a prisoner with the statutory privilege to demonstrate his or her indigence and to formally request a district court to allow him or her to proceed under *in forma pauperis* status. 28 U.S.C. § 1915(a)(1). If a district court finds that a prisoner's "allegation of poverty is untrue," however, then the court is required under the PLRA to dismiss the action. *See* 28 U.S.C. § 1915(e)(2)(A) ("[T]he court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue."); *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) (stating that because "the allegation of poverty was false, the suit had to be dismissed; the judge had no choice"). The PLRA also requires courts, including courts of appeals, to dismiss cases filed by parties seeking *in forma pauperis* status if the case lacks an arguable basis in law or fact. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

We have not previously held under what standard of appellate review we examine a district court's dismissal of an action pursuant to § 1915(e)(2)(A). *Compare Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir. 2001) (stating that"[w]e review a district court's *sua sponte* dismissal pursuant 28 U.S.C. § 1915(e)[(2)(B)(ii)] . . . de novo"), *with Thomas*, 288 F.3d at 308 (holding that a clear error standard of review should be applied to the district court's *sua sponte*

dismissal of the complaint under § 1915(e)(2)(A) because whether a prisoner has made truthful allegations on an application for *in forma pauperis* status is a pure finding of fact), *and MacWade v. Kelly*, 460 F.3d 260, 267 (2d Cir. 2006) ("[W]e review the District Court's findings of fact for clear error, but we review *de novo* its conclusions of law and its resolution of mixed questions of fact and law."). There is no need to reach this issue, however, because under either a de novo or clear error standard of review, the District Court properly dismissed Vann's complaint. *See Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547 (7th Cir. 1998) (per curiam) (recognizing the question as to what standard of review applies to dismissals pursuant to § 1915(e)(2)(A) but declining to reach the issue because under any standard of review the action was properly dismissed).

Section 1915(e)(2)(A) serves the purpose of preventing abuse of the judicial system by "weed[ing] out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam); *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948) ("The [*in forma pauperis*] statute was intended for the benefit of those too poor to pay or give security for costs . . . ."). The *in forma pauperis* statute neither requires a litigant to "demonstrate absolute destitution," *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), nor requires dismissal for inaccuracies, misstatements, or minor misrepresentations made in good faith, *see Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000); *see also Matthews v. Gaither*, 902 F.2d 877, 881 (11th Cir. 1990) (per curiam) (stating that the purpose of 28 U.S.C. § 1915(d), the pre-PLRA version of §

4

1915(e)(2)(A), is "not to punish litigants whose affidavits contain insignificant discrepancies").

Yet, although a prisoner's misrepresentation of his or her financial assets might not necessarily rise to the level of an untrue allegation of poverty requiring dismissal in all cases, dismissal under § 1915(e)(2)(A) is certainly appropriate where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain *in forma pauperis* status. *See Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467-68 (S.D.N.Y. 2004). Bad faith in this context includes deliberate concealment of income in order to gain access to a court without prepayment of filing fees. *Id.* To determine whether a plaintiff has acted in bad faith a court may consider a plaintiff's familiarity with the *in forma pauperis* system and history of litigation. *See id.* at 468-69 (dismissing with prejudice plaintiff's complaint where plaintiff received two settlements totaling $13,500—which the plaintiff directed to be sent to her mother and not to her prison account—but did not report those settlements on her *in forma pauperis* application despite having extensive litigation experience); *see also Thomas*, 288 F.3d at 306–07 (affirming dismissal with prejudice where plaintiff had failed to disclose $73,714 in retirement distributions); *Mathis*, 133 F.3d at 547–48 (affirming district court's dismissal with prejudice where plaintiff, an experienced IFP litigant, failed to disclose ownership of a home with $14,000 of equity).

Here, we discern no error in the District Court's finding that Vann's allegation of poverty was untrue. Vann's declaration submitted in support of his application for *in forma pauperis* status stated, under penalty of perjury, that he had not received any income from any source other than thirty dollars from his mother-in-law for the twelve months preceding January 28,

2010. Vann was also aware that if he gave a "false answer to any questions in [the] declaration," that "the [c]ourt shall dismiss this case." R. on Appeal, Doc. 1, Request to Proceed In Forma Pauperis, at 2, Jan. 28, 2010. Nevertheless, the record clearly supports the District Court's finding that Vann had intentionally omitted from his application the $2,059.10 in deposits that he had received. Vann's Inmate Transaction Account reveals that he had received $1,455.50 in non-payroll deposits and $603.60 in payroll deposits during the twelve months in question. Vann was required to state in his application that he had received that income, yet he did not do so. Moreover, when given the opportunity to respond to defendants' motion to dismiss and explain the omission, Vann failed to provide a credible justification for the omission. Regardless of whether Vann spent the money is his account for discretionary phone calls or commissary purchases or gifted money to relatives during the twelve months preceding the filing of his complaint and application for *in forma pauperis* status, Vann was required to accurately and truthfully state his financial history and assets. 28 U.S.C. § 1915(a)(1), (a)(2). This he did not do.

We also note that Vann is an experienced litigator with extensive knowledge and familiarity with the *in forma pauperis* system. After Vann filed his appeal in this case, an unrelated action commenced by Vann was dismissed by the district court for making false allegations of poverty on his *in forma pauperis* application in that case. *Vann v. Horn*, No. 10-cv-6777 (PKC), 2011 WL 3501880, at *3–4 (S.D.N.Y. Aug. 9, 2011); *see also id.* at *4 (noting that Vann had filed at least five actions in federal court and had filed for *in forma pauperis* status in each action in addition to having filed "numerous state court actions" against the New York State Commissioner for Correctional Services and other employees of the Department of Corrections).

6

Finally, we also conclude that the District Court did not abuse its discretion in dismissing Vann's complaint with prejudice.  We review a district court's decision to dismiss a case with the sanction of prejudice under the abuse-of-discretion standard of review.  *See Metz v. U.S. Life Ins. Co. in the City of N.Y.*, 662 F.3d 600, 602-03 (2d Cir. 2011) (per curiam); *see also Mathis*, 133 F.3d at 547 (stating that in the absence of any limitation as to dismissal with prejudice under the *in forma pauperis* statute, "Congress intended to leave the decision to dismiss with or without prejudice in the district court's discretion" (internal quotation marks omitted)); *accord Maynard v. Nygren*, 372 F.3d 890, 893 (7th Cir. 2004); *Romesburg v. Trikey*, 908 F.2d 258, 260 (8th Cir. 1990); *Dawson v. Lennon*, 797 F.2d 934, 935 (11th Cir. 1986) (per curiam); *Thompson v. Carlson*, 705 F.2d 868, 869 (6th Cir. 1983) (per curiam).  Given the falsity of Vann's application and his declarations, Vann's bad faith in this case evidenced by his litigation experience and extensive familiarity of the *in forma pauperis* process, and Vann's failure to credibly explain or correct his declarations when given an opportunity to do so, the District Court was well within its discretion when it dismissed Vann's complaint with prejudice.  *See Thomas*, 288 F.3d at 308; *Mathis*, 133 F.3d at 547.  Furthermore, under these circumstances, there is no arguable basis in law or fact for Vann's appeal.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Neitzke*, 490 U.S. at 325.

Accordingly, Vann's motion for leave to proceed *in forma pauperis* is **DENIED**, and the appeal is **DISMISSED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK