# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3008

_____

Kevin David Pomerenke

*Plaintiff - Appellant*

v.

Cheryl Bird, c/o I.R.S.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 31, 2012
Filed: November 7, 2012
[Unpublished]

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Kevin Pomerenke appeals the district court's 28 U.S.C. § 1915(e)(2)(B)(ii) preservice dismissal, with prejudice, of his complaint asserting that Cheryl Bird, an Internal Revenue Service (IRS) agent, improperly ordered the garnishment of his wages to recover unpaid taxes. In his complaint, Pomerenke alleged that he had obtained – in a Chapter 7 bankruptcy proceeding – a discharge of debts, including

unspecified debts to the IRS dating back many years. His pro se complaint referenced the Bankruptcy Act, the Fair Debt Collection Practices Act (FDCPA), and "Title 18 Color of Law." Pomerenke's motion for leave to appeal in forma pauperis (IFP) is also before this court.

This court grants Pomerenke's IFP motion. *See Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) (IFP status does not require litigant to demonstrate absolute destitution).

Upon careful review of the district court's dismissal order, *see Moore v. Sims*, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (de novo review of § 1915(e)(2)(B)(ii) dismissal), this court agrees with the district court's reasons for dismissing Pomerenke's claim related to the FDCPA, see 15 U.S.C. §§ 1692(e) (purpose of FDCPA is to eliminate abusive debt-collection practices by debt collectors), 1692a(6)(C) (debt collector does not include any officer or employee of United States or any State to extent that collecting or attempting to collect any debt is in performance of official duties), and this court agrees with the district court that Pomerenke's reference to "Title 18 Color of Law" did not state a claim. Accordingly, the dismissal order is affirmed as to these claims.

However, given the very early stage of the proceedings at which the district court rendered its decision, this court cannot find support in the record for the district court's determination, based on 11 U.S.C. §§ 523 and 507(a)(8), that Pomerenke's allegations related to the Bankruptcy Act failed to state a claim as a matter of law. *See In re Waugh*, 109 F.3d 489, 491 (8th Cir. 1997) (taxes for which return was due more than three years prior to bankruptcy filing are dischargeable); *see also* 26 U.S.C. § 7422(a) (relating to action to recover internal revenue tax alleged to have been erroneously or illegally assessed or collected); *Pfeiffer Co. v. United States*, 518 F.2d 124, 126 (8th Cir. 1975) (taxpayer civil action for refund under 26 U.S.C. § 7422(a)). Accordingly, this court vacates the dismissal order with respect to Pomerenke's claim

related to the Bankruptcy Act, and the case is remanded to the district court with instructions to proceed with service on that claim only.

This court grants Pomerenke's IFP motion, affirms the dismissal order in part, vacates the dismissal order in part, and remands the case with instructions.

_____