**Anthony MATHIS, Plaintiff–Appellant,**

v.

**NEW YORK LIFE INSURANCE COMPANY, Defendant–Appellee.**

**No. 96–3312.**

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 16, 1997.*

Decided Jan. 9, 1998.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir.R. 34(f).

Anthony C. Mathis (submitted), Chicago Heights, IL, for Plaintiff–Appellant.

Barbara Baran (submitted), Ross & Hardies, Chicago, IL, for Defendant–Appellee.

Before POSNER, Chief Judge, BAUER and EVANS, Circuit Judges.

PER CURIAM.

Anthony Mathis provided inaccurate information on his application to proceed in forma pauperis. The district court, concluding that Mathis knowingly provided inaccurate information, dismissed Mathis's complaint with prejudice as a sanction for his attempt to deceive the court. Mathis appeals that decision, arguing that his mistakes were inadvertent. We affirm.

Mathis filed an application to proceed in forma pauperis and a motion for appointment of counsel on May 9, 1995. The application to proceed in forma pauperis was denied because Mathis failed to answer all of the questions on the form regarding income, assets and liabilities. The motion for the appointment of counsel was denied because Mathis was not granted leave to proceed in forma pauperis.

Mathis moved for reconsideration claiming to "barely" be able to live and avoid foreclosure on his home. Based on the information contained in the motion for reconsideration, the court concluded that even though Mathis was unemployed, he still had property of value, and therefore denied Mathis's motion for reconsideration.

Mathis again moved for reconsideration. Mathis also executed another application to proceed in forma pauperis and another motion for appointment of counsel. Mathis completed all the questions in this application. However, Mathis did not disclose that he owned a home with approximately $14,000 of equity and that counsel had been appointed to assist him in other cases. On January 3, 1996, the court granted the motion for reconsideration, granted leave to proceed in forma pauperis, and appointed counsel.

New York Life Insurance Company (New York) filed a motion to dismiss based on Mathis's misrepresentations on his applica-tion to proceed in forma pauperis. Mathis filed an affidavit stating that he did not disclose the equity in his home because he did not own it "free and clear." With respect to Mathis's false statements regarding prior representation by appointed counsel, Mathis's affidavit states that he thought the question referred only to the particular district court judge hearing the motion, and not all district court judges. On August 15, 1996, the district court, finding that the explanations contained within Mathis's affidavit were implausible, concluded that Mathis knowingly gave false information and dismissed Mathis's complaint with prejudice as a sanction for attempting to deceive the court.

The Prison Litigation Reform Act (PLRA) redesignated § 1915(d) to § 1915(e) and mandated that a district court "*shall* dismiss the case" if among other things "the allegation of poverty is untrue...." 28 U.S.C. § 1915(e)(2) (emphasis added). There is some question as to what our standard of review should be for dismissals under § 1915(e)(2). The majority of the circuits that have addressed the issue review such dismissals for abuse of discretion. *See McWilliams v. State of Colorado*, 121 F.3d 573, 574 (10th Cir.1997) (abuse of discretion standard); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir.1997) (same). *But see McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997) (reviewing dismissal under § 1915(e)(2) de novo). There is no need to reach this issue because under either standard Mathis's claim was properly dismissed.

■ The district court did not err or abuse its discretion in discounting Mathis's explanation and dismissing the complaint. Indeed, the district court did not abuse its discretion in dismissing the complaint with prejudice for filing an application to proceed in forma pauperis with intentional misrepresentations as to Mathis's true financial status. Although we have not commented specifically on dismissals with prejudice in the context of a false allegation of poverty, our sister circuits have held that dismissals with prejudice under § 1915(d) for intentional misrepresentation of an applicant's true financial status was within the district court's discretion.

See Romesburg v. Trickey, 908 F.2d 258, 260 (8th Cir.1990); Dawson v. Lennon, 797 F.2d 934, 935 (11th Cir.1986); Thompson v. Carlson, 705 F.2d 868, 869 (6th Cir.1983) (per curiam). More generally, in Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992), the Supreme Court noted the possibility that dismissals under § 1915(d) on the ground of frivolousness could be with prejudice. Similarly, we have held that the absence of any limitation in § 1915(d), as to dismissal with or without prejudice, meant that "Congress intended to leave the decision to dismiss with or without prejudice in the district court's discretion." Smith–Bey v. Hospital Administrator, 841 F.2d 751, 756 (7th Cir.1988).

Nothing in the recodification of § 1915(d) to § 1915(e) suggests that this discretion does not remain with the district court. In fact, the fifth circuit has recently held that a case dismissed under § 1915(e)(2) as frivolous or malicious should be deemed a dismissal with prejudice unless the district court specifically dismissed without prejudice and gave reasons. See Marts v. Hines, 117 F.3d 1504, 1506 (5th Cir.1997) (en banc).

Alternatively, we note that the appellant presents no legal argument on appeal. Instead, appellant takes this opportunity to state that "[w]e are all human and subject to err." As we have stated before, "[e]ven pro se litigants ... must expect to file a legal argument and some supporting authority." United States ex rel. Verdone v. Circuit Court for Taylor County, 73 F.3d 669, 673 (7th Cir.1995) (per curiam). "A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority ... forfeits the point. We will not do his research for him." Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir. 1990).

Accordingly, the decision of the district court is

AFFIRMED.