165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Archietta SHANNON, Plaintiff-Appellant,
v.
Michael SHEAHAN, et al., Defendants-Appellees.
 No. 98-2075.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 20, 1998*.
Decided Oct. 23, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 97 C 6910. Wayne R. Andersen, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. JOEL M. FLAUM, Hon. FRANK H. EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Archietta Shannon appeals the district court's order dismissing her complaint. Shannon filed suit against the defendants alleging discrimination based on religion and disability under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12201 et seq. We affirm.
 
 I.
 
 2
 Before turning our attention to the merits of this appeal, we must first decide whether we have jurisdiction. The district court dismissed the claims against the Cook County Sheriff's Merit Board with prejudice and those against Cook County Sheriff Michael Sheahan without prejudice, but did not enter a final judgment under either Fed.R.Civ.P. 58 or 54(b). For the following reasons, we conclude that the partial dismissal without prejudice and the absence of a separate judgment do not deprive us of jurisdiction.
 
 
 3
 We have not accorded talismanic importance to the fact that a complaint was dismissed without prejudice. United States v. City of Milwaukee, 144 F.3d 524, 527 n. 7 (7th Cir.1998). Under special circumstances, a dismissal without prejudice may, nonetheless, satisfy the final judgment rule. Principal Mut. Life Ins. Co. v. Cincinnati TV 64 Ltd. Partnership, 845 F.2d 674, 676 (7th Cir.1988). The exception applies when it is clear that the district court reasonably concluded that the action could not be saved by any amendment of the complaint that the plaintiff could be expected to make. Id.
 
 
 4
 The dismissal as to Sheahan falls into the exception. See Farrand v. Lutheran Brotherhood, 993 F.2d 1253 (7th Cir.1993). In dismissing Shannon's religious discrimination claim, the district court found that she had failed to allege discrimination on the basis of religion in her Charge of Discrimination filed with the Equal Economic Opportunity Commission. Unless a plaintiff first brings her claim of discrimination to the EEOC, she is precluded from filing a lawsuit on that claim. Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir.1994). Therefore, although the district court dismissed the religious discrimination claim without prejudice, the court made clear that Shannon could not amend her complaint successfully because she had failed to present the claim first to the EEOC.
 
 
 5
 Likewise, with Shannon's disability discrimination claim the district court made clear that amending the complaint could not save the claim, effectively rendering a final decision on her disability discrimination claim. In dismissing her disability discrimination claim, the district court found that Shannon "cannot state a claim under the ADA" because she had alleged facts that established that the defendants had complied with the Americans with Disabilities Act.
 
 
 6
 Accordingly, the district court's order is final and appealable. The fact that the district court did not enter judgment pursuant to Rule 58 is immaterial. Bankers Trust Co. v. Mallis, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978). A Rule 58 judgment is not a necessary prerequisite to appellate jurisdiction if the district court has indicated in its order that the lawsuit is over. Otis v. City of Chicago, 29 F.3d 1159, 1165 (7th Cir.1994).
 
 II.
 
 7
 As to the merits of Shannon's appeal, Federal Rule of Appellate Procedure 28(a)(6)specifies that an appellant's brief "must contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on." Even pro se litigants are expected to include legal argument and some supporting authority in their appellate briefs. Mathis v. New York Life Ins. Co., 133 F.3d 546, 548 (7th Cir.1998). Shannon's appellate brief is woefully inadequate. Her two-page appellate brief does not present comprehensible argument or citation to authority. In fact, the half-page argument section discusses a workmen's compensation settlement defendants offered her that is completely unrelated to either of her discrimination claims. Shannon has not satisfied the requirements of Rule 28(a)(6) because she failed to make minimally complete and comprehensible arguments. By not arguing her claims and supporting her line of reasoning with citations to authority, Shannon has forfeited her claims. Id. Since Shannon has not preserved her claims for appellate review, we will not disturb the district court's dismissal of her complaint.
 
 
 8
 Accordingly, we AFFIRM.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(e); Cir. R. 34(f)