See also 934 F.2d 822.

**Clarence L. MCCLAIN, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, et al., Defendants–Appellees.**

No. 00–3540.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 17, 2001.*

Decided Aug. 21, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Federal Rule of Appellate Procedure 34(a)(2).

**472**

Before BAUER, MANION, EVANS, Circuit Judges.

## ORDER

Clarence L. McClain brought this action alleging that various government agencies violated his constitutional rights and wrongfully denied him access to records compiled and prepared during an investigation into corruption in the city of Chicago. That investigation led to his convictions on several federal offenses. The district court dismissed McClain's constitutional claims for failing to notify the defendants of the factual basis of his claims under Federal Rule of Civil Procedure 8, dismissed several of his "access to record" claims, and granted summary judgment on his remaining "access to record" claims in favor of three federal agencies. We affirm.

McClain was convicted in 1989 of various federal offenses arising from an influence-peddling scheme. We affirmed his convictions two years later. *See United States v. McClain*, 934 F.2d 822 (7th Cir.1991). In January 1997 McClain filed suit alleging that the Office of the Cook County State's Attorney ("State's Attorney") and the United States Department of Justice ("Department of Justice") failed to respond to his requests for records relating to his criminal prosecution in violation of the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Privacy Act, 5 U.S.C. § 552a. The district court denied his request to proceed in forma pauperis

under 28 U.S.C. § 1915. McClain never served the defendants with the complaint.

In November 1998 McClain paid his filing fee and filed an amended complaint containing similar allegations against the same two defendants. After the State's Attorney and Department of Justice moved to dismiss his amended complaint, the district court granted McClain leave to amend his complaint to add various claims against several federal agencies and the Illinois Attorney General. In March 1999 the court dismissed the second amended complaint *sua sponte*, concluding that McClain did not adequately set forth the nature of his claims in violation of Rule 8.

McClain then filed a third amended complaint naming as defendants the Department of Justice, the Federal Bureau of Investigation ("FBI"), the United States Parole Commission ("Parole Commission"), the Federal Bureau of Prisons ("BOP"), the United States Attorney's office ("U.S. Attorney"), the Social Security Administration ("SSA"), the Internal Revenue Service ("IRS") (collectively, the "federal defendants"), the State's Attorney, and the Illinois Attorney General (collectively, the "state defendants"). McClain alleges in the third amended complaint that the defendants engaged in investigatory and prosecutorial misconduct that led to his criminal convictions and denied him access to documents in violation of FOIA, the Privacy Act, the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA"), and the First, Fourth, Fifth, and Ninth Amendments of the United States Constitution.

The federal defendants and state defendants each moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6). McClain submitted a brief opposing dismissal, and also requested that the court compel the defendants to produce a *Vaughn* index, which is a comprehensive

listing of documents withheld by agencies pursuant to statutory exemptions spelled out in FOIA. *See Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973); *Solar Sources, Inc. v. United States,* 142 F.3d 1033, 1037 n. 3 (7th Cir.1998). In August 1999 the district court (1) dismissed McClain's APA claims for lack of subject matter jurisdiction; (2) dismissed his constitutional claims brought under *Bivens* and 42 U.S.C. § 1983 because he failed to allege an adequate factual basis for those claims in violation of Rule 8; (3) dismissed his FOIA and Privacy Act claims against the state defendants for lack of subject matter jurisdiction because both statutes authorize suits against federal but not state agencies; (4) dismissed his FOIA and Privacy Act claims against the Department of Justice and the BOP because he failed to allege that he requested records from either agency; (5) dismissed his FOIA and Privacy Act claims against the IRS as time-barred; (6) dismissed his FOIA and Privacy Act claims against the U.S. Attorney because it denied his request for a fee waiver but did not withhold documents; and (7) converted the SSA's 12(b)(6) motion into a Rule 56 motion and granted summary judgment in favor of the SSA on his FOIA and Privacy Act claims because the SSA offered evidence that it provided McClain with all of the documents he requested. The court concluded, however, that McClain's FOIA and Privacy Act claims could proceed against the FBI and the Parole Commission, though the court did deny his motion for a *Vaughn* index because he did not establish that either agency withheld documents.

McClain then moved the district court to appoint counsel, which the court denied. In November 1999, the FBI and Parole Commission moved for summary judgment. The Parole Commission submitted a declaration attesting that it could not locate the audio tape of McClain's parole hearing, and the FBI submitted a declaration attesting that it had disclosed all documents responsive to McClain's request. McClain did not respond to the defendants' summary judgment motions but instead filed a cross-motion for summary judgment. On September 15, 2000, the court granted summary judgment in favor of the FBI and the Parole Commission, and denied McClain's cross-motion for summary judgment.

McClain's brief on appeal contains no statement of facts and no coherent argument or explanation of his claims against the defendants. His failure to comply with Rules 28(a)(7) and (9)(A) of the Federal Rules of Appellate Procedure by itself is grounds for dismissal of his appeal. *See Mathis v. New York Life Ins. Co.,* 133 F.3d 546, 548 (7th Cir.1998) (per curiam). In any event, McClain's appeal, and his underlying case, are frivolous on their merits.

■ In his brief McClain first rehashes the allegations in his complaint, asserting that the defendants violated his constitutional rights by engaging in prosecutorial and investigatory misconduct that resulted in his convictions. One problem is that he has not alleged improper conduct by any individual defendant, but that is of no matter because his claims are barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Under *Heck,* McClain may not raise claims that, if correct, would necessarily imply the invalidity of convictions that have not been set aside. Here, McClain's convictions remain intact; thus, his vague claims of constitutional deprivations, with one exception, are *Heck*-barred and were properly dismissed.

Of course, it is well-settled that Fourth Amendment claims of wrongful search, seizure or arrest may succeed without undermining a conviction and thus are not implicated by *Heck. See, e.g., Washington v. Summerville,* 127 F.3d 552, 556 (7th Cir.

1997). Though McClain alleges that the Fourth Amendment confers federal jurisdiction over his complaint, he does not explain in his complaint how the defendants violated his rights under that amendment. Consequently, the district court properly dismissed these purported claims because he did not state a claim under the Fourth Amendment.

McClain also argues that the district court erred by granting summary judgment in favor of the FBI and the Parole Commission. Specifically, he contends that he should not have been required to respond to the summary judgment motion submitted by the FBI and the Parole Commission because the evidence presented in it was conclusory. Contrary to McClain's contention, however, the FBI submitted a lengthy and specific declaration demonstrating that it had complied with McClain's request for information. Similarly, the Parole Commission's accompanying declaration specifically attests that it produced everything requested by McClain except the audio tape of his parole hearing. The declaration further explains that the Parole Commission could not locate the audio tape and that it had already turned over a summary of the hearing. Thus, McClain's contention that these defendants relied on conclusory evidence is simply untrue.

Moreover, because the purpose of summary judgment is to isolate and dispose of factually unsupported claims, McClain was required to meet the defendants' motion with evidence setting forth specific facts showing a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Albiero v. City of Kankakee,* 246 F.3d 927, 932 (7th Cir.2001). To successfully oppose the defendants' motion for summary judgment, McClain had to do more than raise a "metaphysical doubt" as to the material facts, *see Wolf v. Northwest Ind. Symphony Soc'y,* 250 F.3d 1136, 1141 (7th Cir.2001) (citation and quotation omitted), and instead needed to present definite, competent evidence to rebut the motion, *see Albiero,* 246 F.3d at 932. Here, McClain did not respond with *any* evidence; instead he submitted a cross-motion for summary judgment without evidentiary support. Consequently, he failed to demonstrate that there is a genuine issue of triable fact regarding his FOIA and Privacy Act claims against the FBI and the Parole Commission, and the district court properly granted summary judgment with respect to those claims.

■ McClain also contends that the district court erred in denying his request for a *Vaughn* index. To be entitled to a *Vaughn* index, however, he must demonstrate that he requested specific documents from an agency, and that the agency then withheld documents pursuant to a one of the enumerated statutory exemptions contained in the FOIA. *See Wright v. OSHA,* 822 F.2d 642, 645 (7th Cir.1987). Though McClain asserts that a *Vaughn* index is necessary "to provide plaintiff with the information he needs to advance the pro-disclosure position," he does not demonstrate that a specific agency withheld documents from him pursuant to a FOIA exemption. Therefore, the court correctly denied his motion.

■ Finally, McClain argues that the district court erred in denying his motion to appoint counsel. We review the court's refusal to appoint counsel for an abuse of discretion and will reverse only if, in light of the difficulty of McClain's case and his ability to present it, he could not obtain justice without counsel, he could not obtain counsel on his own, and he had a reasonable chance of winning had he been represented by counsel. *See Forbes v. Edgar,* 112 F.3d 262, 264 (7th Cir.1997). Here, the court did not abuse its discretion by refusing to appoint counsel because his claims are meritless.

The judgment of the district court is AFFIRMED.