**Norvell SMITH, Plaintiff–Appellant,**

v.

**MADISON COUNTY FIREMEN'S ASSOCIATION, Defendant–Appellee.**

No. 01–2323.

United States Court of Appeals, Seventh Circuit.

Submitted April 18, 2002 *.

Decided April 22, 2002.

Before BAUER, KANNE, and DIANE P. WOOD, Circuit Judges.

### ORDER

Norvell Smith sued the Madison County Firemen's Association under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.,* alleging that the Association discriminated against him because of his race by providing unequal employment benefits. During the pendency of the case, he was discharged. He subsequently amended his complaint to allege unlawful discharge because of racial discrimination. After a bench trial held on April 24, 2001, the district court entered judgment in favor of the Association. Smith appeals, and we dismiss his appeal for noncompliance with Federal Rule of Appellate Procedure 28(a)(9).

Rule 28(a)(9)(A) specifies that an appellant's brief must contain the appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Although we construe pro se filings like Smith's liberally, Rule 28(a)(9) requires that even pro se litigants include a legal argument and supporting authority in their briefs. *Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir.2001). From an appellant's brief, we must be able to discern some cogent argument that forms a basis to reverse the district court's judgment. *United States v. Lanzotti,* 205 F.3d 951, 957 (7th Cir.2000) ("It is not this court's responsibility to research and construct the parties' arguments."). Indeed, litigants "should expect that noncompliance with Rule 28 will result in dismissal of the appeal." *Anderson,* 241 F.3d at 545–46.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Smith's brief consists of four short paragraphs, none of which presents any intelligible legal or factual argument challenging the district court's judgment. He cites no case law nor makes any references to the record. We also note that Smith's brief lacks a jurisdictional statement, *see* Fed. R.App. P. 28(a)(4), as well as a copy of the district court order from which he appeals, *see* Fed. R.App. P. 30(a)(1)(c); Cir. R. 30(a). Because his brief fails to meet the basic requirements outlined in Rule 28, Smith has forfeited appellate review of his claims. *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir.1998).

DISMISSED.