**Joel CLAY, Petitioner–Appellant,**

**v.**

**Craig A. HANKS, Respondent–Appellee.**

No. 01–3153.

United States Court of Appeals, Seventh Circuit.

Submitted April 26, 2002.*

Decided April 26, 2002.

Before COFFEY, MANION, WILLIAMS, Circuit Judges.

**ORDER**

Joel Clay, an inmate of the Westville (Indiana) Correctional Center, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging seven disciplinary proceedings against him that resulted in the loss of good-time credits and demotions in his credit-earning class. Clay alleged generally that his due process and

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

equal protection rights had been violated by various actions of the Conduct Adjustment Board (CAB) and prison officials. The district court denied Clay's petition, and he appeals. We affirm.

In his brief, Clay discusses only four of the seven disciplinary proceedings raised in his habeas corpus petition. Furthermore, Clay's brief is substantially deficient because it fails to include a summary of his arguments or a separate argument section containing citations to the record and legal authority to support his contentions. Fed. R.App. P. 28(a)(8) and (9). Clay presents only minimally-coherent discussions of the four disciplinary proceedings, citing legal support for only two of his apparent assertions of error. We deem Clay to have waived any argument with respect to the two proceedings for which he cites no authority or citations to the record, *Muhich v. Comm'r*, 238 F.3d 860, 864 n. 10 (7th Cir.2001); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir.1998) (per curiam), and will discuss only the two remaining disciplinary proceedings.

On May 10, 2000, Officer Ludwig conducted a shakedown of Clay's cell and discovered, among other things, a plastic bag containing approximately one tablespoon of tobacco located under the blanket on Clay's bed. Ludwig issued a Report of Conduct against Clay for possession of tobacco. On May 15, Clay received a copy of the Report and a notice of disciplinary hearing. A hearing was held on May 25, and Clay presented statements from several inmates stating that they were playing cards with Clay at the time his room was searched and that they had never seen him smoke. Clay also presented a "Notice to Witness" addressed to "Officer Jackson" on which he indicated that "I waive this witness." The CAB found Clay guilty and deprived him of 90 days of good-time cred-

its (modified on appeal to 60 days) and demoted his credit-earning class.

On July 18, 2000, Mrs. Watts, a counselor at Westville, found Clay sitting on a planter box outside of the Educational Complex (EC) squadroom talking to an unidentified inmate. According to a conduct report Watts filed, Clay said to her, "What are you doing Ms. Watts? You ain't no officer, your husband ain't no officer, you need to mind your own, you can't tell us what to do." Watts subsequently discovered that the E1 West wing of Westville, where Clay was housed, was on "restricted movement" and wrote a Report of Conduct against Clay charging him with being in an unauthorized area. On July 26 Clay received notice of a disciplinary hearing and a copy of the Report of Conduct, and the CAB held a disciplinary hearing on August 3. Clay was found guilty, but his conviction was reversed on appeal because his statement to the CAB said that he was "not prepared" for the hearing. A second disciplinary hearing was held, and Clay was again found guilty and suffered a demotion in his credit-earning class.

On February 15, 2001, Clay filed his petition for a writ of habeas corpus, alleging, *inter alia*, that he had not been given sufficient notice of the charge of being in an unauthorized area and that the CAB had violated his due process rights by not allowing him to call Officer Jackson at his hearing on the possession of tobacco charge. The district court found generally that the defendants had not violated Clay's due process rights and denied Clay's petition. Clay appeals.

On appeal Clay first appears to renew his contention that he was not adequately notified of the charge that he was in an unauthorized area on July 18, 2000. When a prison disciplinary hearing may result in the loss of good-time credits, an inmate must receive advanced written notice of

the charges against him, an opportunity to call witnesses and present documentary evidence in his defense, and a written statement by the CAB of the evidence relied on and the reasons for the disciplinary action taken. *Superintendent, Mass. Correctional Inst. v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) (citing *Wolff v. McDonnell,* 418 U.S. 539, 563–67, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)). Written notice of the charges must be given to the inmate at least 24 hours before the disciplinary hearing is scheduled, so that the inmate can marshal facts in his defense and clarify the charges against him. *Wolff,* 418 U.S. at 564. The written notice should include the number of the prison rule violated and a summary of the facts underlying the charge. *Whitford v. Boglino,* 63 F.3d 527, 534 (7th Cir.1995)(per curiam).

The notice provided to Clay, which included a copy of the Report of Conduct, specified that he violated rule 366 (being in an unauthorized area) by being in front of the EC Squad Room on a day when the E1 West wing of the prison (where Clay was housed) was on restricted movement. This notice was sufficient to inform Clay "of the nature of the charge and to allow him to attempt to collect evidence for his defense," *id.,* and was therefore constitutionally sufficient. While Clay also argues that he was never informed of "what is expected of an offender who is on 'Restricted Movement,'" he did not present this argument to the CAB and has therefore waived it on appeal. *See Hamilton v. O'Leary,* 976 F.2d 341, 347 (7th Cir.1992).

Clay next repeats his challenge to the tobacco-possession charge on grounds that he was not allowed to either call Officer Jackson as a witness at his CAB hearing or procure a statement from him. An inmate must be given the opportunity to call witnesses or present witness statements at his CAB hearing "when consistent with institutional safety and correctional goals." *Hill,* 472 U.S. at 454. But Clay admits that he affirmatively waived his right to call Jackson as a witness or present a statement from Jackson at his CAB hearing, and he has failed to show a violation of his due process rights.

**AFFIRMED.**