Thaddeus TODD, Jr., Plaintiff–
Appellant,

v.

DOMINICK'S FINER FOODS,
Defendant–Appellee.

No. 03–1174.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 4, 2003.*

Decided Nov. 6, 2003.

Thaddeus Todd, Jr., pro se, Evanston, IL, for Plaintiff–Appellant.

Richard H. Schnadig, Vedder, Price, Kaufman & Kammholz, Chicago, IL, for Defendant–Appellee.

Before BAUER, COFFEY, and KANNE, Circuit Judges.

**ORDER**

Thaddeus Todd, Jr., an African American, sued Dominick's Finer Foods under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981, alleging that the company discriminated against him on the basis of race when it failed to promote him, refused him a raise, and eventually discharged him. The district court granted summary judgment in favor of Dominick's, concluding that Todd presented no direct evidence of discrimination and insufficient evidence to establish a prima facie case under the burden-shifting approach in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

On appeal Todd principally argues that his trial counsel's ineffective assistance sabotaged his case. However, we need not address the merits of this argument, because ineffective assistance of counsel cannot be grounds for reversal in civil matters. *See United States v. 7108 W. Grand Ave., Chicago, Ill.*, 15 F.3d 632, 635 (7th Cir.1994). Todd's remedy for his counsel's allegedly unethical or grossly negligent behavior is a malpractice action against his counsel and not another shot at a trial against Dominick's. *Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir.2001).

Todd's only comment on the merits of the summary judgment ruling is that the district court's decision was "incom-

---

* After examining the briefs and record, we conclude that oral argument is unnecessary.

Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

plete, contaminated, and fraudulent." This bald assertion does not comply with Federal Rule of Appellate Procedure 28(a)(9)(A), which requires that an appellant's brief "contain appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Todd does not explain his claim of trial court error and cites no authorities or parts of the record. Although we construe pro se briefs liberally, they still must contain "an argument consisting of more than a generalized assertion of error, with citations to supporting authority." *Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir.2001). Todd therefore forfeited appellate review of the district court's decision. *See Mathis v. New York Life Ins. Co.,* 133 F.3d 546, 548 (7th Cir.1998).

AFFIRMED.