**Charles HAWKINS, Jr., Plaintiff–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Defendant–Appellee.**

**No. 02–2877.**

United States Court of Appeals, Seventh Circuit.

---

Submitted Feb. 6, 2004.*

Decided Feb. 13, 2004.

Charles Hawkins, Jr., pro se, Oak Park, IL, for Plaintiff–Appellant.

Lara S. Kaufmann, Office of the United States Attorney, Chicago, IL, for Defendant–Appellee.

Before BAUER, COFFEY, and ROVNER, Circuit Judges.

## ORDER

Charles Hawkins, Jr., sued his former employer, the Department of Veterans Affairs ("the VA"), under the Rehabilitation Act, 29 U.S.C. § 794, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17. Hawkins, an African–American who suffers from a shoulder injury, alleged that the VA discriminated against him on the basis of both his race and his disability when it modified his job responsibilities and eventually discharged him. Hawkins also argued that the VA retaliated against him for filing complaints with the EEOC by withholding wages due him. The district court granted summary judgment in favor of the VA, concluding that Hawkins had failed to make out a *prima facie* case of discrimination based either on his race or his disability and that although Hawkins had made out a *prima facie* case of retaliation, he had offered no evidence that the VA's reasons for discharging him were pretextual.

The VA argues that we should dismiss Hawkins's appeal because he has provided no argument for us to review, and we agree. Federal Rule of Civil Procedure 28(a)(9) requires that an appellant's brief contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." On appeal Hawkins's only comments on the merits of the summary judgment ruling are that the district court's decision was "biased," "outrageous," and generally incorrect. Hawkins does not explain his claims of error and offers no cites to the record or legal authority. Although we construe *pro se* filings liberally, litigants still must comply with Rule 28(a)(9) or their appeals will be dismissed. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001). By failing to comply, Hawkins has forfeited appellate review of the district court's decision. *See Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir.1998).

The appeal is DISMISSED. Accordingly, the VA's motion for summary affirmance is DENIED as unnecessary.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).