Carl DAVIS, Plaintiff–Appellant,

v.

SEARS, ROEBUCK & CO., et al., Defendants–Appellees.

No. 04–1118.

United States Court of Appeals, Seventh Circuit.

Submitted July 29, 2004.*

Decided July 29, 2004.

Carl Davis, Chicago, IL, pro se.

Grady B. Murdock, Jr., Neal, Murdock & Leroy, Chicago, IL, for Defendants–Appellees.

Before RIPPLE, KANNE, and ROVNER, Circuit Judges.

ORDER

Carl Davis sued his former employer, Sears, Roebuck and Co., and three of its employees under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e–17, and under 42 U.S.C. § 1983, alleging discrimination and harassment on the basis of his race and retaliation for complaining about the discrimination and harassment. The district court granted summary judgment to Sears, pointing out that Davis's failure to respond to the Local Rule 56.1 Statement submitted by Sears constituted an admission of facts contained in that document, which defeated his claim. The claims Davis brought under § 1983 also failed, the district court noted, because Davis offered no evidence that Sears had acted under color of state law. Finally, the district court dismissed

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

the three employees because Davis had never served them with notice of the lawsuit.

On appeal Davis does not challenge the district court's conclusions or present any legal argument. A litigant must comply with Fed. R.App. P. 28(a)(9), which requires that an appellant's brief contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." We construe *pro se* filings liberally, *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001), and have examined Davis's brief searching for any challenge to the district court's decision, but his brief consists largely of narrative that ignores the effect of his failure to contest the Local Rule 56.1 Statement from Sears, and is not responsive to the district court's analysis. Although we "are generally disposed toward providing a litigant the benefit of appellate review," we will not craft a litigant's arguments or perform legal research for him. *Id.* By failing to comply with Rule 28(a)(9), Davis has forfeited appellate review of the district court's decision. *See Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir.1998). The appeal is DISMISSED.