UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 25, 2006[*]
Decided May 26, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3487

| | |
|---|---|
| HAROLD L. TINEY-BEY, | Appeal from the United States |
| *Plaintiff-Appellant,* | District Court for the Northern |
| | District of Illinois, Eastern Division |
| *v.* | |
| | No. 03 C 7676 |
| CAROLE L. ADAMS, et al., | |
| *Defendants-Appellees.* | Harry D. Leinenweber, |
| | *Judge.* |

**O R D E R**

Harold Tiney-Bey is civilly committed to the Illinois Department of Human Services and confined at the Treatment and Detention Facility for Sexually Violent Persons in Joliet, Illinois. In 2003 he brought suit *pro se* against the Secretary of the Department of Human Services and a number of officers at the Joliet treatment facility, claiming that they deprived him of the right to free exercise of his religion. Tiney-Bey's chief complaint was that Muslims were permitted to congregate only during Ramadan, while Christians were permitted to attend weekly services. In February 2005 the parties participated in settlement negotiations before a

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

magistrate judge and, according to the defendants, reached an oral agreement that provided for weekly services with an imam in exchange for dismissal of the suit. When the defendants reduced that agreement to writing, however, Tiney-Bey refused even to accept delivery of the papers. Instead, he moved for a default judgment "based on the counter-offer of the defendants to continue the same disrespecting unwritten practice and policy." While that motion was pending, Tiney-Bey filed two more: one for appointment of counsel and another seeking a default judgment, on the (false) ground that the defendants had not answered his complaint and had tried to "force" him into signing the settlement papers. The defendants then moved the district court to enforce the oral settlement agreement. The record on appeal does not contain the writing memorializing the defendants' understanding of that agreement, nor does the record include a transcript or other documentation of the negotiation session, but Tiney-Bey did not respond at all to the defendants' motion, and the district court granted it in a two-sentence order and dismissed the suit with prejudice. Tiney-Bey moved for reconsideration, not because he denied that a settlement had been reached or that its terms were fairly recounted in the defendants' motion to enforce, but because he insisted that enforcing the agreement would give the defendants "the right to continue to practice religious discrimination." The district court declined to upset the dismissal.

On appeal, Tiney-Bey gives no reason why he thinks it was error for the district court to enforce the oral settlement agreement. Here again he makes no argument that the parties didn't reach an agreement or that the defendants have misstated its substance. Mostly he enlarges upon his claim of religious discrimination and argues—irrelevantly, because the oral settlement agreement was already binding—that the defendants attempted to intimidate him and his cellmate to get him to sign the formal stipulation to the settlement. But even a *pro se* appellant must present a reason for overturning the district court's judgment and support his argument with *some* authority. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (per curiam).

In his reply brief, in responding to the defendants' argument that he doesn't challenge the order enforcing the oral settlement agreement, Tiney-Bey asserts that he never agreed to sign "any documents written by Defendants that [would] allow[] them to continue their routine practice of religious discrimination mask[ed] as cooperation." But even if this were a valid legal argument, which it is not, it comes too late. *See United States v. Kelley*, 2006 WL 1149187, at *4 (7th Cir. May 2, 2006) (noting that arguments raised for the first time in a reply brief are waived). The appeal is DISMISSED.