NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2008[*]
Decided March 19, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-1087

| | |
|---|---|
| FAZAL KARIM, <br> *Petitioner*, | Petition for Review of an Order of the <br> Board of Immigration Appeals |
| *v.* | No. A95-925-153 |
| MICHAEL B. MUKASEY, <br> Attorney General of the United States, <br> *Respondent*. | |

### O R D E R

Fazal Karim was born in Kolkata, India, but acquired Pakistani citizenship when his family moved there in 1948. Through his employment with several international companies, he traveled extensively throughout the 1970s and 1980s and lived outside Pakistan for extended periods. Karim has maintained a residence in Karachi since 1986, and

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

runs his own leather and textiles business. This enterprise brought him to the United States four times on nonimmigrant visas, and after he last entered in 1997, he simply stayed after his visa expired in January 2000. The Department of Homeland Security discovered Karim's presence in early 2003 and commenced removal proceedings. Karim then hired counsel and in January 2004 applied for asylum and withholding of removal based on nationality, political opinion, and social group.

Karim explained at his removal hearing that he did not experience any discrimination until 1971 when a new national dress code forced him to publicly reveal his Indian heritage. After that, he said, thieves stole his cars in 1989 and 1992, a mugger grabbed his briefcase in 1993, Pakistani police forcibly entered his home in 1995 and searched for a suspect they thought he was hiding, and a passing car nearly hit him on a Karachi street in 1997. Karim asserted that these incidents were tied to his ethnicity, but he never saw the car thieves and barely got a glance at the motorist or the assailant who took his briefcase. And he was not arrested or harmed by the police. His concern about returning to Pakistan, in fact, is not based upon his Indian heritage but his fear that anti-American extremists will target him because of his pro-American sentiments and business ties to the United States.

The immigration judge first concluded that Karim's asylum application was barred because he filed it outside the one-year time limit. *See* 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 208.4(a)(2). The IJ rejected Karim's contention that "changed circumstances"——the increasing radicalism in Pakistan stoked by official support for American efforts to combat terrorism after September 11, 2001——should excuse his untimely filing. The IJ reasoned that an asylum applicant still must file within a reasonable time, even given changed circumstances, but Karim had not explained why he waited until 2004 to act. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 208.4(a)(4). The IJ then rejected Karim's application for withholding, which was not subject to any filing deadline. *See* 8 U.S.C. § 1231(b)(3)(A); *Zheng v. Gonzales*, 409 F.3d 804, 808 (7th Cir. 2005). The IJ concluded that none of the incidents Karim described constituted persecution, and so there was no presumption that his life or freedom would be threatened in the future. *See* 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16(b)(1)(i). And, the IJ added, the evidence did not otherwise establish that Karim faces a clear probability of persecution in Pakistan. The Board of Immigration Appeals affirmed the IJ's decision.

In this court Karim makes no argument that would invoke our narrow jurisdiction to address questions about the timeliness of his asylum application. *See* 8 U.S.C. § 1158(a)(2), (a)(3); *Jiménez Viracacha v. Mukasey*, 2008 WL 553613, *3 (7th Cir. Mar. 3, 2008); *Pavlyk v. Gonzales*, 469 F.3d 1082, 1086 (7th Cir. 2006). Nor does he address the IJ's resolution of his claim for withholding of removal. Although he is now pro se, Karim still was obligated to

address the IJ's analysis and point out areas of disagreement.  *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), *United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2001).  And since his two-page brief does not even mention the IJ's decision, he has waived any contention that he might have made.  *See United States v. Kumpf*, 438 F.3d 785, 791-29 (7th Cir. 2006); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998).  Our own review has disclosed no error that would change the result of the IJ's decision, and thus Karim's petition for review is

**DENIED.**