Hardy JONES, Jr., Plaintiff–Appellant,

v.

MEMORIAL HOSPITAL OF SOUTH
BEND INC., Defendant–
Appellee.

No. 08–1458.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 4, 2008.*

Decided Dec. 4, 2008.

Hardy Jones, Jr., South Bend, IN, pro
se.

Robert J. Palmer, Attorney, May, Ober-
fell & Lorber, South Bend, IN, for Defen-
dant–Appellee.

Before FRANK H. EASTERBROOK,
Chief Judge, WILLIAM J. BAUER,
Circuit Judge and JOHN DANIEL
TINDER, Circuit Judge.

### ORDER

Hardy Jones was fired from his job at
Memorial Hospital of South Bend after a
confrontation with a co-worker. Six
months later he phoned a personnel em-
ployee and left two angry voice mails,
which prompted a referral to local police.
Jones later sued the hospital claiming, as
relevant here, that he was fired because of
his race and defamed by the personnel
employee's call to the police. The district
court dismissed the suit in part as untime-
ly and granted summary judgment for the
hospital on the claims that remained.

The hospital argues that Jones's appeal
should be dismissed because his brief does
not satisfy Federal Rule of Appellate Pro-
cedure 28. We agree. Although we con-
strue pro se filings liberally, pro se liti-
gants are not exempt from procedural
rules. *Pearle Vision, Inc. v. Romm*, 541

---

* After examining the briefs and the record, we
have concluded that oral argument is unnec-
essary. Thus, the appeal is submitted on the
briefs and the record. *See* FED. R.APP. P.
34(a)(2).

F.3d 751, 758 (7th Cir.2008). Like any other litigant in this court, Jones was required to submit a brief containing his "contentions and the reasons for them, with citations to the authorities and parts of the record" on which he relies. *See* Fed. R.App. P. 28(a)(9)(A); *Haxhiu v. Mukasey*, 519 F.3d 685, 691 (7th Cir.2008). A "generalized assertion of error" is insufficient; a brief must articulate some basis for disturbing the district court's judgment. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001). In his brief, Jones cites no legal authority and makes no reference to the record. He narrates in detail his account of his termination, and he rehashes the procedural history of the case, but he does not identify any error in the district court's reasoning or articulate any basis for disturbing the court's judgment. We are unable to discern a cogent argument in Jones's brief and will not craft one on his behalf. *See id.* By failing to comply with Rule 28(a)(9), Jones has forfeited appellate review of the district court's decision. *See Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 527 (7th Cir.2003); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir.1998). The appeal is DISMISSED.