NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 4, 2008[*]
Decided December 4, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1458

| | |
|---|---|
| HARDY JONES, JR., | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Indiana, South Bend Division. |
| *v.* | |
| | No. 3:06-CV-395-RM |
| MEMORIAL HOSPITAL OF SOUTH BEND INC., | |
|     *Defendant-Appellee.* | Robert L. Miller, Jr., *Chief Judge.* |

**O R D E R**

Hardy Jones was fired from his job at Memorial Hospital of South Bend after a confrontation with a co-worker. Six months later he phoned a personnel employee and left two angry voice mails, which prompted a referral to local police. Jones later sued the hospital claiming, as relevant here, that he was fired because of his race and defamed by the personnel employee's call to the police. The district court dismissed the suit in part as untimely and granted summary judgment for the hospital on the claims that remained.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

        The hospital argues that Jones's appeal should be dismissed because his brief does not satisfy Federal Rule of Appellate Procedure 28.  We agree.  Although we construe pro se filings liberally, pro se litigants are not exempt from procedural rules.  *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).  Like any other litigant in this court, Jones was required to submit a brief containing his "contentions and the reasons for them, with citations to the authorities and parts of the record" on which he relies.  *See* FED. R. APP. P. 28(a)(9)(A); *Haxhiu v. Mukasey*, 519 F.3d 685, 691 (7th Cir. 2008).  A "generalized assertion of error" is insufficient; a brief must articulate some basis for disturbing the district court's judgment.  *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).  In his brief, Jones cites no legal authority and makes no reference to the record.  He narrates in detail his account of his termination, and he rehashes the procedural history of the case, but he does not identify any error in the district court's reasoning or articulate any basis for disturbing the court's judgment.  We are unable to discern a cogent argument in Jones's brief and will not craft one on his behalf.  *See id.*  By failing to comply with Rule 28(a)(9), Jones has forfeited appellate review of the district court's decision.  *See Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 527 (7th Cir. 2003); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998).  The appeal is DISMISSED.