NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2010[*]
Decided January 29, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 09-3154

| | |
|---|---|
| D. DEAN FORD, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
|     *v.* | |
| | No. 1:06-cv-1502-WTL-TAB |
| ALLEGHENY LUDLUM, | |
|     *Defendant-Appellee.* | William T. Lawrence, |
| | *Judge*. |

**O R D E R**

In September 2002, Dean Ford advised his employer that he was suffering from Post Traumatic Stress Disorder resulting from a number of assaults and harassment from his coworkers and requested his employer to allow him to take a disability leave. Thereafter his employer, Allegheny Ludlum, consented to his request. Some three years later, Ford

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

contacted the company once again and asked that he be allowed to return to work.  Ludlum directed Ford to document his treatment as well as any program of therapy and/or medications prescribed before they could grant him leave to return.  Ford did not supply any of these documents nor the necessary treatment program and/or medications but he did offer a note from a non-treating psychiatrist that read simply, "[Ford] states he has recovered."  Ford failed to submit any additional documentation after Allegheny made a second request.  As a result, Ford was never reinstated.  On October 12, 2006, Ford filed a suit against Allegheny claiming that, by refusing to reinstate him, Allegheny discriminated against him under the Americans with Disabilities Act.  Concluding that Ford had failed to furnish the necessary evidence to substantiate that he was a qualified individual with a disability, or that Allegheny had treated him less favorably than others similarly situated, the district court granted Allegheny's motion for summary judgment.

On appeal, Ford asserts generally that the district court did not consider all the pertinent facts when granting summary judgment, but he fails to elaborate on this contention, much less explain how the district court erred, or direct our attention to any part of the record or much less any legal authority in support of his theory.  We are mindful of the challenges facing pro se litigants, and we construe their filings liberally, but pro se litigants are not exempt from procedural rules.  *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).  Thus, Ford, like other litigants, was required to submit a brief containing his "contentions and the reasons for them, with citations to the authorities and parts of the record" on which he relies.  *See* FED. R. APP. P. 28(a)(9)(A); *Haxhiu v. Mukasey*, 519 F.3d 685, 691 (7th Cir. 2008).  A "generalized assertion of error" is insufficient; to ensure uniform administration of justice we must insist that all litigants comply with procedural rules and that their briefs articulate some basis for disturbing the district court's judgment.  *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

After reviewing his submissions, we are unable to recognize any argument in Ford's brief that casts doubt on the district court's decision.  *See id.*  By failing to comply with Rule 28(a)(9), Ford has forfeited appellate review of the district court's decision.  *See Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 527 (7th Cir. 2003); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998).  The appeal is **DISMISSED**.