**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 9, 2011[*]
Decided February 9, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-2687

| | |
|---|---|
| ADENIKE ADEBIYI, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 08 C 6837 |
| TIMOTHY FELGENHAUER, et al., | |
| *Defendants-Appellees.* | Robert M. Dow, Jr., |
| | *Judge.* |

**O R D E R**

This suit stems from an altercation that took place when an Illinois judge ordered Adenike Adebiyi arrested for failing to comply with a condition of her probation. According to the amended complaint, two sheriff's deputies tasked with taking Adebiyi into custody falsely cried out that she was biting and scratching them, which prompted another deputy to kneel on her chest. In addition to an excessive-force claim against the deputy who subdued her, Adebiyi's complaint includes vague allegations against her

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

probation officer, the deputies who accused her of biting and scratching, and the assistant state's attorney who prosecuted her for aggravated battery. The district court twice recruited a lawyer to represent Adebiyi pro bono, but both lawyers eventually moved to withdraw, the second citing Federal Rule of Civil Procedure 11. After permitting the second lawyer to withdraw, the court extended Adebiyi another opportunity to amend her complaint. Yet she failed to take advantage of the offer, so the court dismissed the suit on the grounds that it was untimely as to the only defendant against whom Adebiyi arguably states a claim.

On appeal Adebiyi simply elaborates on the grievances set forth in her complaint. She does not discuss the reasons given for dismissing her lawsuit in any detail. Nor does she argue, with citations to the record and legal authority, that the district court committed error. *See* FED. R. APP. P. 28(a)(9). But even a pro se litigant must comply with Rule 28, and Adebiyi's failure to do so forfeits appellate review. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998).

DISMISSED.