NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2018[*]
Decided November 14, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 17-3372

| | |
|---|---|
| CARLOS VASQUEZ,<br>　　*Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Northern District of Indiana,<br>Fort Wayne Division. |
| *v.* | No. 1:15-CV-398 |
| CATERPILLAR LOGISTICS, INC.,<br>and<br>EA STAFFING SERVICE, INC.,<br>　　*Defendants-Appellees*. | Theresa L. Springmann,<br>*Chief Judge*. |

**O R D E R**

Carlos Vasquez, an African-American man, was 53 years old when EA Staffing Services, Inc., a placement service, assigned him as a warehouse worker for Caterpillar Logistics, Inc. Caterpillar fired him after four months. He sued EA Staffing and Caterpillar for race and sex discrimination under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-2, for race discrimination under 42 U.S.C. § 1981, and for age

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621. The district court entered summary judgment for Caterpillar and EA Staffing. Because Vasquez supplies no evidence suggesting that forbidden reasons motivated his firing, we affirm the judgment.

We recite the evidence in the light most favorable to Vasquez. *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000). EA Staffing temporarily assigned Vasquez in October 2014 to one of Caterpillar's warehouse facilities. Eventually, his job was to prepare orders for delivery by gathering machine parts (*e.g.*, ignition coils, air filters, brackets) into kits to be shipped to another Caterpillar facility for assembly. He was required to stamp his name on each filled order so that Caterpillar could track errors, known as "mispicks."

After Caterpillar rated Vasquez's performance from December 2014 through February 2015 (while he worked in the order-preparer position) as subpar, it fired him. Caterpillar saw many problems with his work. He had one of the worst mispick rates in the warehouse. At least once he did not stamp an order, causing him to fail an audit, and his supervisors found him argumentative. Also, Caterpillar maintains, Vasquez did not wear steel-toed shoes to work on February 17, contrary to Caterpillar's safety policy. After reviewing these problems, Vasquez's supervisor, Luis Araiza, and his manager, Tom Ropp, decided to fire him. Araiza recounted Vasquez's infractions in an email to EA Staffing dated February 17. EA Staffing then told Vasquez of his discharge. In a memo that EA Staffing dated February 16 (but which EA Staffing says was incorrectly dated because of a clerical error), it reported that Vasquez had returned ("offboarded") all of his workplace credentials from Caterpillar.

Before his discharge, Vasquez experienced two incidents that he believes show that race and age discrimination prompted his dismissal. First, he asserts that Araiza grew distant from him after Araiza unsuccessfully attempted to speak Spanish to Vasquez (who does not speak Spanish). Vazquez concedes, though, that Araiza never made any racially derogatory comments. Second, Vasquez says that a coworker once told him that he would probably remember doo-wop (a genre of music) because he was so old.

This suit followed the discharge. As relevant to this appeal, Vasquez contends that Araiza's "distant" behavior after he learned that Vasquez did not speak Spanish and the coworker's comment about his age show that he was fired for discriminatory reasons. Caterpillar and EA Staffing moved for summary judgment, arguing that Vasquez was fired for poor performance. Vasquez responded (with no evidence) that

the records of his mispicks were forged to set him up for discharge. He also asserted that he always wore his steel-toed shoes while employed. He noted that EA Staffing's memo about "offboarding" was dated February 16, the day *before* he supposedly failed to wear steel-toed shoes. So, he concluded, the memo's date showed that the defendants fired him, not because of shoes, but in part to obtain a tax savings. The district court granted Caterpillar and EA Staffing's motions for summary judgment. It reasoned that Vasquez failed to provide sufficient evidence that unlawful discrimination motivated the discharge.

Vasquez's appellate brief is difficult to follow. Both Caterpillar and EA Staffing argue that its incoherence is grounds for affirmance. See FED. R. APP. P. 28(a); *Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (holding that even *pro se* litigants must file a legal argument and supporting authority). But Vasquez is *pro se*. Liberally construing his brief, see *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we discern an attack on the defendants' rationale that Vasquez was fired for poor performance.

In evaluating Vasquez's appeal, we consider whether the evidence as a whole would permit a reasonable finding that his race, age, or sex motivated his dismissal. *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016); *Johnson v. Kleppers, Inc.*, 726 F.3d 910, 914–15 (7th Cir. 2013); *Gorence v. Eagle Food Ctrs., Inc.*, 242 F.3d 759, 762 (7th Cir. 2001). As the district court correctly noted, the record would not allow a reasonable factfinder to conclude that unlawful discrimination influenced the decision to fire Vasquez. Vasquez points to the coworker who once referred to Vasquez's old age (in connection with doo-wop). But Vasquez does not contend that this coworker was involved in his dismissal. So even if that comment reflected age bias, it could not support an inference that Vasquez's dismissal was motivated by it. See *Gorence*, 242 F.3d at 762. Vasquez also relies on how "distant" Araiza became after learning that Vasquez was not a Spanish speaker. But Vasquez concedes that Araiza never made any racially-based comments, so a factfinder could only speculate on why Araiza became "distant," and speculation is not a basis for finding discrimination. *Springer v. Durflinger*, 518 F.3d 479, 484–85 (7th Cir. 2008).

The absence of evidence of discrimination is enough to affirm, but we can affirm for another reason as well. Caterpillar supplied evidence that it fired him for a legitimate reason—it believed that Vasquez was a poor performer—and Vasquez has not furnished sufficient evidence suggesting that Caterpillar did not believe its rationale. See *5443 Suffield Terrace*, 607 F.3d 504, 510 (7th Cir. 2010); *Bellaver*, 200 F.3d at 491-92. In particular, he offered no evidence to support his contention that his poor

mispick rate was forged (let alone by someone involved in the decision to fire him), to counter that he failed to stamp an order, to refute that he failed an audit, or to show that he was not argumentative. More to the point, even if those who fired Vasquez mistakenly believed that these infractions had occurred, so long as their belief was honest, *see Hartley v. Wis. Bell, Inc.*, 124 F.3d 887, 890 (7th Cir. 1997), Caterpillar's reasons for firing him were not a pretext for discrimination. See *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515-16 (1993) (Title VII); *Mullin v. Temco Mach., Inc.*, 732 F.3d 772, 776 (7th Cir. 2013) (ADEA). And Vasquez furnished no evidence that Caterpillar was dishonest about these infractions.

Vasquez responds that because the "offboarding" memo from EA Staffing is dated one day before the date that he supposedly failed to wear steel-toed shoes, a jury could infer that the shoe rationale was a pretext. But a pretext for what? Vasquez argues that the shoe rationale was not only a pretext for discrimination, but a pretext for tax savings. If he is correct, then he has added a non-prohibited reason to the reason for his discharge. But we need not sort out the possibility of a mixed motive. Even if a jury could infer that the shoe rationale was dishonest, Vasquez must lose. As we have already observed, Vasquez has not supplied evidence that discrimination motivated his discharge. And beyond that fatal flaw, he has not contradicted (except by an unsubstantiated assertion of a forgery and set up) that the many other infractions motivating his firing did occur.

The district court's judgment is AFFIRMED.